IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARIO T. NICKSON**                                                                                                                  **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 3:16CV95-MPM-DAS**

**ATTORNEY GENERAL OF THE**
**STATE OF MISSISSIPPI**                                                                                            **RESPONDENT**

## ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Petitioner Mario T. Nickson, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his November 6, 2015 conviction in the Circuit Court of Tunica County, Mississippi, for felon in possession of a firearm. In his petition, Nickson concedes that he did not appeal from his judgment of conviction.[1] *See* Doc.#1 at 2.

A prisoner seeking federal habeas relief must exhaust his state court remedies prior to seeking relief in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). Pursuant to the standards governing federal habeas petitions, an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, **by any available procedure**, the question presented." 28 U.S.C. § 2254(c) (emphasis added). The Court notes that Nickson may challenge his conviction through utilization of Mississippi's Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5(2) ("A motion

---

[1] A search of the online docket of Mississippi's appellate courts demonstrates that Nickson has not filed a direct appeal or a motion for post-conviction relief (available at https://courts.ms.gov/appellate_courts/generaldocket.html (last visited May 31, 2016)).

for relief under this article shall be made within three (3) years. . . after the time for taking an appeal from the judgment of conviction or sentence has expired[.]"). The Court finds no "good cause" exists for Petitioner's failure to exhaust his claims in state court prior to filing for federal habeas relief, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005) (holding that in "limited circumstances," a federal court may stay a habeas petition upon showing of good cause in order to allow the petitioner to litigate his unexhausted claims in state court before returning to federal court).

Accordingly, the Court **ORDERS** that the petition for writ of habeas corpus filed in this cause be **DISMISSED** without prejudice for Petitioner's failure to exhaust his state court remedies prior to filing the instant action. A separate final judgment will enter today.

**SO ORDERED**, this the 1st day of June, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**